```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9
                       EASTERN DISTRICT OF CALIFORNIA
10
                              ----oo0oo----
11
12
    MELANIE I. CORNELL,              NO. CIV. 2:12-330 WBS CKD
13
              Plaintiff,
14                                   MEMORANDUM AND ORDER RE:
         v.                          MOTION TO DISMISS AND MOTION
15                                   TO STRIKE
    That Certain Instrument
16  Entitled "Deed of Trust,"
    under Recorder's Document
17  Number 20110015747 originally
    dated August 8, 2005 and filed
18  in Nevada County; That Certain
    "Corporate Assignment of Deed
19  of Trust," under Recorder's
    Document Number 20110015748
20  dated June 14, 2011 and filed
    in Nevada County; That Certain
21  Instrument Entitled "Deed of
    Trust," under Recorder's
22  Document Number DOC-2005-
    0111849 originally dated
23  August 8, 2005 and filed in
    Placer County; New Century
24  Mortgage Corporation; U.S.
    Bank National Association,
25  alleged trustee; Chicago Title
    Insurance Company,
26
              Defendants.
27  _____/
28
                                    1
```

----oo0oo----

Plaintiff Melanie I. Cornell brought this action against defendants New Century Mortgage Corporation ("New Century"), U.S. Bank National Association ("U.S. Bank"), and Chicago Title Insurance Company ("Chicago Title") arising out defendants' allegedly fraudulent public filings regarding plaintiff's home.  Presently before the court is U.S. Bank's motion to dismiss plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has additionally filed a Motion to Strike Defendant's Reply Brief. (Docket No. 24.)

I.   Factual and Procedural Background

Plaintiff is the owner of real property located at 23629 Fagerlie Road in Auburn, California ("the property").  (SAC ¶ 10.)  The property is located in Nevada County.  (Id. ¶ 11.)

A Deed of Trust for the property was recorded in Placer County, which neighbors Nevada County, on August 23, 2005.  (Id. Ex. C.)  The Deed of Trust identifies the lender as New Century Mortgage Corporation ("New Century") and the trustee as Chicago Title.  (Id.)

The Deed of Trust was refiled in Nevada County on July 6, 2011.  (Id. Ex. A.)  On the same day, a Corporate Assignment of Deed of Trust ("Corporate Assignment") was filed in Nevada County.  (Id. Ex. B.)  The Corporate Assignment purported to transfer New Century's interest in the property to U.S. Bank. (Id.)

Plaintiff disputes the validity of the recorded Deeds of Trust recorded in both Nevada and Placer County for numerous

2

reasons. Plaintiff alleges that her signature on the Deed of Trust that was filed in Placer County and then refiled in Nevada County was forged and that she never signed the document. (Id. ¶ 19A.) Plaintiff alleges that a handwriting expert has reviewed the signature on the Deed of Trust and concluded that the signature is not hers. (Id. ¶ 19B.) Plaintiff further alleges that there are numerous defects regarding the notarial acknowledgments, (id. ¶¶ 19C-19E), the description of the property, (id. ¶¶ 19F, 19H, 19J), and the manner in which the documents were recorded, (id. ¶¶ 19G, 19I, 19J, 19K).

Plaintiff also disputes the validity of the Corporate Assignment. Plaintiff alleges that at the time the Corporate Assignment was filed on July 6, 2011, New Century did not have an interest in the loan because it was in bankruptcy proceedings and all of its assets had been divested as of January 9, 2008. (Id. ¶ 19O.) Plaintiff further alleges that the Corporate Assignment is void because it is dependant on a void Deed of Trust, (id. ¶ 19L), was improperly recorded, (id. ¶¶ 19M, 19N), lacked a proper power of attorney, (id. ¶¶ 19P, 19R), was not signed by a corporate officer, (id. ¶ 19Q), and lacked an adequate substitution of trustee, (id. ¶ 19S).

As a result of the alleged defects in the recorded instruments, plaintiff claims that the recordings are "wild encumbrances" on her property. (Id. ¶ 20.) If the instruments are left outstanding, plaintiff alleges that she will suffer serious injury because the instruments have clouded the title to her property and U.S. Bank has begun nonjudicial foreclosure proceedings. (Id. ¶ 22.) Plaintiff requests that the court

3

1  declare the instruments in question void and with no further
2  force and effect pursuant to California Civil Code section 3412.
3  (Id. ¶ 23.)
4       In an action regarding the same property, plaintiff
5  filed suit in state court against Select Portfolio Servicing,
6  Inc. ("SPS"), bringing claims for quiet title and permanent
7  injunction.  (Request for Judicial Notice Ex. D (Docket No. 6).)
8  SPS removed the case to federal court and the case was dismissed
9  for lack of jurisdiction and ripeness.  Cornell v. Select
10 Portfolio Servicing Inc., Civ. No. S-11-1462 (E.D. Cal. Sept. 7,
11 2011).
12      Plaintiff alleges that she was not aware of the Deed of
13 Trust recorded in Placer County until March 2011, when it was
14 raised during her first lawsuit.  (SAC ¶ 18.)
15      Plaintiff filed this action for cancellation of
16 instrument in state court on October 6, 2011.  (Notice of Removal
17 ¶ 5 (Docket No. 2).)  U.S. Bank removed the case on the basis of
18 diversity jurisdiction.
19 II.  Judicial Notice
20      A court may take judicial notice of facts "not subject
21 to reasonable dispute" because they are either "(1) generally
22 known within the territorial jurisdiction of the trial court or
23 (2) capable of accurate and ready determination by resort to
24 sources whose accuracy cannot reasonably be questioned."  Fed. R.
25 Evid. 201.  The court may take judicial notice of matters of
26 public record or of documents whose contents are alleged in the
27 complaint and whose authenticity is not questioned.  Lee v. City
28 of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001).

4

U.S. Bank requests that the court judicially notice four documents: (1) a Deed of Trust recorded on August 23, 2005, in the Placer County Recorder's Office as document number 2005-0111849; (2) a Corporate Assignment of Deed of Trust recorded on July 6, 2011, in the Nevada County Recorder's Office as document number 20110015748; (3) a Deed of Trust recorded on July 6, 2011, in the Nevada County Recorder's Office as document number 20110015747; and (4) plaintiff's previously filed Complaint in Case No. 2:11-cv-01462-FCD-KJN.

The first three documents are publically recorded documents that the court would ordinarily take judicial notice of as documents whose accuracy cannot be questioned. See Lee, 250 F.3d at 689. In this case, however, plaintiff disputes the authenticity of these documents for several reasons, not least of which is that she alleges that her signature was forged on the Deed of Trust. (See SAC ¶ 19.) Because the authenticity of the documents has been questioned, the court denies U.S. Bank's request for judicial notice of these publically recorded documents.

When deciding a motion to dismiss, a court may not ordinarily consider material other than the facts alleged in the complaint. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996) ("A motion to dismiss . . . must be treated as a motion for summary judgment . . . if either party . . . submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials."). "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is

5

central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Although plaintiff disputes the validity of factual material in the public filings, she attached the filings to her Complaint and relies on them as the basis of her allegations. U.S. Bank does not question the authenticity of the documents. The court therefore may consider the publically recorded Deeds of Trust and Corporate Assignment as part of the Complaint without judicially noticing the facts presented in the documents.

U.S. Bank's fourth request is for the court to judicially notice the Complaint that plaintiff filed in Case No. 2:11-cv-01462-FCD-KJN. The court will take judicial notice that the prior Complaint was filed, however it will not judicially notice the facts contained within the Complaint because they are not beyond reasonable dispute.[1]

III. Motion to Dismiss

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

---

[1] In addition to its requests for judicial notice, U.S. Bank filed general evidentiary objections opposing plaintiff's reliance on declarations and other evidentiary material to support her opposition to U.S. Bank's motion to dismiss. This is not a motion for summary judgment and the court declines to convert it into a the motion to dismiss into a motion for summary judgment. This material is subject to reasonable dispute and the court accordingly declines to consider it for the purpose of reaching a determination on the present motion.

6

(1972). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 556-57).

    A.    Statute of Limitations

        An action to cancel an instrument is subject to the applicable statute of limitations, however the authorities are in confusion as to which statute of limitations applies in an action to cancel an instrument affecting title to real property. See Leeper v. Beltrami, 53 Cal. 2d 195, 212 (1959) (noting confusion among authorities as to which statute of limitations to apply); Robertson v. Superior Court, 90 Cal. App. 4th 1319, 1326-27 (1st Dist. 2001) (holding that suits to cancel a void instrument are subject to the statute of limitations). Actions under section 3412 are generally subject to a four-year statute of limitations period under California Code of Civil Procedure section 343. See Moss v. Moss, 20 Cal. 2d 640, 644 (1942). When fraud or mistake is involved, the claim is subject to a three-year statute of limitations under California Code of Civil Procedure section 338(d). Zakaessian v. Zakaessian, 70 Cal. App. 2d 721, 725 (1st Dist. 1945). Several courts, however, have also applied a five-

7

year statute of limitations for actions that impact title or possession of real property based on California Code of Civil Procedure sections 318, 319, and 328.  See, e.g., Robertson, 90 Cal. App. 4th at 1328-29.

In the present case, plaintiff waited over six years after the original Deed of Trust was filed in Placer County on August 23, 2005.  Plaintiff would thus be barred from bringing this claim under each potentially applicable statute of limitations period.  Plaintiff argues that the three-year statute of limitations is applicable in this case because her claim is grounded in fraud and that the discovery rule applies in this case.

In an action alleging fraud, the cause of action "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  Cal. Code Civ. Proc. § 338(d).  Plaintiff alleges that she was not aware of the Deed of Trust recorded in Placer County until March 2011, when it was raised during plaintiff's first lawsuit.  (SAC ¶ 18.)  Because the Deed of Trust was filed in the wrong county, a reasonably prudent person would not have likely discovered the Deed of Trust until it was refiled in the proper county.  Plaintiff's delayed discovery was therefore reasonable.

Defendant argues that while plaintiff may not have had constructive notice of the Deed of Trust, she had actual knowledge of the Deed of Trust because she "signed a loan

agreement, promissory note, and deed of trust[2] in August, 2005 <u>expressly</u> agreeing to be bound by the terms of the loan agreement" and made payments under the agreement for five years. (Def.'s Reply in Supp. of Mot. to Dismiss at 7:8-13 (Docket No. 22).)  While plaintiff may have known the terms of her loan payments beginning in 2005, on a motion to dismiss the court interprets the pleadings in favor of the non-moving party.  Plaintiff pleads that she had no actual notice of the recorded Deed of Trust and forged signature until 2011, which is well within the statute of limitations period.  Accordingly, the court will not dismiss on statute of limitations grounds.[3]

     B.   <u>Claim for Relief Under Section 3412</u>

Plaintiff requests cancellation of the Deeds of Trust filed in Nevada and Placer counties as well as the Corporate Assignment filed in Nevada County on the ground that the documents are fraudulent and should be found void.  "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury

---

[2] Defendant relies on plaintiff's statement in her opposition papers that she "signed a loan agreement/promissory note, and a deed of trust instrument in August, 2005" to suggest that plaintiff did in fact sign the Deed of Trust in question. (<u>See</u> Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4:5-7 (Docket No. 18).)  Although this suggests that plaintiff did indeed sign <u>a</u> Deed of Trust, plaintiff explicitly pleads in her SAC that she did not sign the Deed of Trust filed on August 23, 2005, and that her signature was forged on that document.  (SAC ¶¶ 19A, 19B.) The court relies on the SAC when considering a motion to dismiss.

[3] Defendant's motion only specifically refers to the Deed of Trust recorded on August 23, 2005.  (Def.'s Mot. to Dismiss at 5.) Because the Corporate Assignment and refiled Deed of Trust were both recorded in 2011, and defendant does not discuss these filings, the court presumes that defendant's motion was limited to excluding plaintiff's claim regarding the August 2005 Deed of Trust.

9

to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. "To 'cancel' a contract means to abrogate so much of it as remains unperformed. It differs from 'rescission,' which means to restore the parties to their former position. The one refers to the state of things at the time of the cancellation; the other to the state of things existing when the contract was made." Young v. Flickinger, 75 Cal. App. 171, 174 (2d Dist. 1925); accord Phleger v. Countrywide Home Loans, Inc., No. C 07-01686, 2009 WL 537189, at *15 (N.D. Cal. Mar. 3, 2009). "To plead a cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." Zendejas v. GMAC Wholesale Mortg. Corp., No. 1:10-cv-00184 OWW, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010).

Rule 9(b)'s heightened pleading standards "may apply to claims -- that although lacking fraud as an element -- are 'grounded' or 'sound' in fraud." Mostowfi v. i2 Telecom Int'l, Inc., 269 F. App'x 621, 623 (9th Cir. 2008) (quoting Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003)). A claim is "grounded in fraud" when it alleges a unified course of fraudulent conduct. Id. at 624. Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has held that "to avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to 'state the time, place, and specific content of the false

10

1 representations as well as the identities of the parties to the
2 misrepresentation.'" <u>Edwards</u>, 356 F.3d at 1066 (quoting <u>Alan
3 Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir.
4 1989)).

5   Plaintiff's claim appears to be grounded in fraud
6 because she alleges that her signature on the Deed of Trust was
7 forged and improperly notarized and recorded as part of a
8 fraudulent scheme. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at
9 19:10-17.) Although the SAC lists the specific
10 misrepresentations that plaintiff alleges were made on the Deeds
11 of Trust and Corporate Assignment, she does not allege who is
12 responsible for the scheme or the fraudulent purpose underlying
13 these misrepresentations.

14   Presuming that plaintiff adequately alleged fraud and
15 that the recorded documents' alleged deficiencies are sufficient
16 to declare the documents void, plaintiff must also allege that
17 she will be harmed if the documents are not cancelled. <u>See</u> Cal.
18 Civ. Code § 3412; <u>Zendejas</u>, 2010 WL 2629899, at *7. Plaintiff
19 alleges in her SAC that she will be harmed because U.S. Bank has
20 begun nonjudicial foreclosure proceedings against her. (SAC
21 ¶ 22.) Plaintiff suggests that such foreclosure would be
22 inequitable because it would rely on "material mistakes." (Pl.'s
23 Opp'n to Def.'s Mot. to Dismiss at 24:8-11.)

24   Plaintiff has not alleged that the allegedly forged
25 signature on the Deed of Trust is causally linked with the
26 circumstances leading up to the pending foreclosure, nor has she
27 alleged how the allegedly fraudulent Deed of Trust differs in any
28 way from the Deed of Trust that she represents she signed in

11

2005.  (See id. at 4:5-7.)  If the terms of the Deed of Trust are identical to the provisions that plaintiff agreed to or anticipated when she signed the Promissory Note and a separate Deed of Trust in 2005, then any technical deficiencies with the recorded Deed of Trust are not causally related to the harm that plaintiff alleges.  Whether a valid Deed of Trust was properly recorded or the allegedly fraudulent Deed of Trust was improperly recorded, plaintiff would be in an identical situation.  Plaintiff is therefore relying on a mere technical deficiency, not a material mistake, to avoid foreclosure of her property and has failed to allege that the alleged technical deficiencies are the cause of her harm.[4]

IV.  Motion to Strike

Plaintiff filed a Motion to Strike Defendant's Reply Brief for failure to reply in strict reply.  (Docket No. 24.)  Plaintiff argues that U.S. Bank misrepresented her allegations and that the scope of the reply brief exceeded the scope of her opposition.

Although the court acknowledges that some of U.S. Bank's characterization of plaintiff's allegations may not have been entirely accurate, the scope and nature of U.S. Bank's reply brief was appropriate.  Accordingly, the court will deny plaintiff's motion to strike.

IT IS THEREFORE ORDERED that defendant's motion to dismiss be, and the same hereby is, GRANTED.

---

[4] Because the court finds that plaintiff will suffer no harm if the instruments are not cancelled, the court does not reach the question of whether tender is required.

12

        IT IS FURTHER ORDERED that plaintiff's motion to strike be, and the same hereby is, DENIED.

        Plaintiff has twenty days from the date of this Order to file an amended complaint, if she can do so consistent with this Order.

DATED: May 21, 2012

        *[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE