UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MELANIE I. CORNELL

Plaintiff,

v.

That Certain Instrument Entitled "Deed of Trust," under Recorder's Document Number 20110015747 originally dated August 8, 2005 and filed in Nevada County; That Certain "Corporate Assignment of Deed of Trust," under Recorder's Document Number 20110015748 dated June 14, 2011 and filed in Nevada County; That Certain Instrument Entitled "Deed of Trust," under Recorder's Document Number DOC-2005-0111849 originally dated August 8, 2005 and filed in Placer County; NEW CENTURY MORTGAGE CORPORATION; U.S BANK NATIONAL ASSOCIATION, alleged trustee; CHICAGO TITLE COMPANY (erroneously named as CHICAGO TITLE INSURANCE COMPANY),

Defendants.

NO. CIV. 2:12-330 WBS CKD

MEMORANDUM AND ORDER RE: MOTION TO REMAND; MOTION TO STRIKE RESPONSIVE BRIEF

----oo0oo----

Plaintiff Melanie I. Cornell brought this action against defendants New Century Mortgage Corporation ("New Century"), U.S. Bank National Association ("U.S. Bank"), and Chicago Title Company ("Chicago Title"), a California corporation, arising from defendants' allegedly fraudulent filings regarding plaintiff's home. (Docket No. 2-1.) After plaintiff originally filed this action in Nevada County Superior Court, defendants removed the case to this court on the basis of diversity jurisdiction and listed Chicago Title Insurance Company ("Chicago Title Insurance"), a Florida corporation, as a defendant in lieu of Chicago Title. (Docket No. 2.) Plaintiff now moves[1] to remand the case to Nevada County Superior Court pursuant to 28 U.S.C. § 1447, or, in the alternative, to dismiss the action without prejudice pursuant to Federal Rules of Civil Procedure 41(a)(2) and 41(b), on the basis that plaintiff is not diverse from Chicago Title. (Docket No. 56.)[2]

Although federal courts are courts of limited jurisdiction, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), they have a "virtually unflagging obligation" to exercise jurisdiction when it is proper. Colo. River Water Dist. v. United States, 424 U.S. 800, 817 (1976). Federal courts have original jurisdiction over civil actions between citizens of

---

[1] Plaintiff has also filed a motion to strike defendants' Opposition to the Motion to Remand for failing to strictly reply to the arguments put forth in support of the motion for remand. (Docket No. 64.) Because plaintiff's arguments in support of this motion are duplicative of her arguments in support of her original motion to remand, the court will deny this motion.

[2] Because the parties have requested not to hold oral argument, the court orders this matter submitted on the briefs. The hearing set for October 21, 2013 is vacated.

different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

In assessing diversity, however, "[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) (internal quotation marks omitted)). A nominal party is one who has no interest in the action and is joined merely to perform a ministerial act. Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000). "The paradigmatic nominal defendant is a trustee, agent, or depository who is joined merely as a means of facilitating collection." Sec. & Exch. Comm'n v. Colello, 139 F.3d 674, 676 (9th Cir. 1998) (citation and internal quotation marks omitted).

Chicago Title's citizenship does not affect the court's diversity jurisdiction because it is a nominal party to this action. Plaintiff named Chicago Title "as the trustee named in the disputed exhibits 'A' and 'C'," corresponding to the disputed deed of trust instruments. (Compl. ¶ 7.) The complaint includes no substantive allegations against Chicago Title and asserts no claims for money damages against Chicago Title in its capacity as trustee of the disputed instruments. See Perez v. Wells Fargo,

929 F. Supp. 2d 988, 1002 (N.D. Cal. 2013) (holding that "trustees are more than nominal defendants" if these conditions are satisfied). Rather, plaintiff sued Chicago Title "solely in its capacity as trustee and not because of any wrongdoing." Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009).[3]

Plaintiff cites a recent California Court of Appeal case, Glaski v. Bank of America N.A., 218 Cal. App. 4th 1079 (5th Dist. 2013), in support of the proposition that Chicago Title is not a nominal party. (Pl.'s Reply 4-5 (Docket No. 67).) Plaintiff argues that the assignment of the deed of trust was void, and that, as a result, Chicago Title had an independent duty to prevent U.S. Bank from initiating a nonjudicial foreclosure proceeding that it had no authority to initiate. (Id.)

Although Glaski appears to reflect a minority view, see Newman v. Bank of N.Y. Mellon, No. 1:12-CV-1629 AWI GSA, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013), the court need not reach the merits of plaintiff's argument because she has not brought any claim against Chicago Title arising out of its own

---

[3] Although Hafiz involved a defendant who submitted a Declaration of Non-Monetary Status pursuant to California Civil Code § 2924l, the court cannot consider Chicago Title's Declaration of Non-Monetary Status in this case because it was filed in state court on February 15, 2012, eight days after the case was removed. See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) (noting that "post-removal pleadings have no bearing on whether the removal was proper"). Nonetheless, Hafiz still stands for the broader proposition that a defendant who is sued solely in his capacity as trustee, like Chicago Title, is a nominal party whose inclusion does not destroy diversity. See 652 F. Supp. 2d at 1052.

acts or omissions. Rather, plaintiff sued Chicago Title exclusively "in its capacity as Trustee in the . . . deed of trust instruments." (Compl. ¶ 7.) Chicago Title is therefore a nominal party whose inclusion in the action does not destroy diversity. Kuntz, 385 F.3d at 1183. Accordingly, the court must deny plaintiff's motion to remand or to dismiss the action.[4]

IT IS THEREFORE ORDERED that:

(1) plaintiff's motion to strike defendants' Opposition be, and the same hereby is, DENIED; and

(2) plaintiff's motion to remand or to dismiss the action be, and the same hereby is, DENIED.

---

[4] Plaintiff raises two unrelated arguments against jurisdiction for the first time in her Reply. (See Docket No. 67.) First, plaintiff argues that defendants do not satisfy the amount in controversy requirement set forth by 28 U.S.C. § 1332 because the instruments she seeks to cancel do not have any monetary value themselves. (Reply at 2-3.) This argument borders on frivolity. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). Here, the enforceability of the deed of trust instruments "goes to the merits and is itself 'the object of the litigation.'" Sekhon v. BAC Home Loan Servicing LP, 519 Fed. App'x 971, 972 (9th Cir. 2013). Accordingly, the amount in controversy is satisfied because the underlying property is worth $335,000. (See Notice of Removal ¶ 12.)

Second, plaintiff argues that defendants' removal of the action was invalid because Chicago Title never consented to the Notice of Removal, (Reply at 7-8), and because the removal violated the "voluntary-involuntary rule" set forth by Self v. Gen. Motors Corp., 588 F.2d 655 (9th Cir. 1978). (Reply at 6.) 28 U.S.C. § 1447(c) precludes these objections because they were raised more than 30 days after the Notice of Removal and do not dispute the court's underlying subject matter jurisdiction. See Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 942 (9th Cir. 2006) (holding that a procedural defect in removal "constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c).")

Dated: October 18, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE